**Harry A. COOPER, D.O., Plaintiff,**

v.

**Bernard J. AMSTER, D.O., et al., Defendants.**

**Civ. A. No. 85–6861.**

United States District Court, E.D. Pennsylvania.

Aug. 7, 1986.

David Pennington, Gregory J. Pavlovitz, Philadelphia, Pa., for plaintiff.

Andrew F. Napoli, Philadelphia, Pa., for Metropolitan Hosp.

Andrew D. Bershad, Philadelphia, Pa., for Drs. Stepanuk and Newman.

Brian M. Peters, Philadelphia, Pa., for Delaware Valley Hosp. and Dr. Amster.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff is a doctor. He brings this antitrust action against two hospitals and three other doctors alleging that because the hospitals do not refer emergency patients to him, the defendants have violated section 1 of the Sherman Act and various state laws.[1] In no other way is plaintiff preclud-

1. There is no contention that there has been any agreement between the hospitals or between their respective staffs with regard to plaintiff.

ed from practicing medicine or using the hospitals' facilities. Presently before me is the motion of one of the hospitals, Metropolitan Hospital-Parkview Division, and two of its staff members, to dismiss the complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim pursuant to Fed.R. Civ.P. 12(b)(6). The motion must be granted on both grounds.

■ In the first place, plaintiff's anti-trust claims must be dismissed for lack of subject matter jurisdiction because they are clearly frivolous and, in any event, lack ripeness. This action is frivolous because plaintiff is not being precluded from doing anything by any of the defendants. He may find his own patients, accept patients from anyone who will refer them, admit patients to the hospital, treat them in the emergency room, and use any of the hospital's facilities. The sole basis of his suit is that the hospital refers patients to other doctors, but does not refer patients to him. This is in keeping with the hospital's policy that it will not refer patients to a doctor who has been on its staff for less than five years unless the doctor is associated with other qualified doctors. Plaintiff was not singled out for this treatment nor has he pointed to anything which suggests that this is not a perfectly legitimate and reasonable policy. There is nothing in the law that requires the hospital to be his bird dog just because it is the bird dog for other doctors who have been associated with it for a longer period of time. Plaintiff may wish that the hospital would refer patients to him, but the Sherman Act does not require it to do so.

■ Additionally, the ripeness doctrine precludes this court from exercising subject matter jurisdiction. The hospital's internal administrative procedures provide plaintiff the opportunity to present his grievance before its governing body, the board of directors. Plaintiff, however, has failed to take the necessary steps to do so. Consequently, the hospital has never considered, much less decided, the merits of his grievance. Plaintiff seeks to excuse his failure by asserting that it would be a useless gesture on his part. This conclusion is based entirely upon his own perceptions and conjecture and is wholly unsupported. The hospital's internal procedures are neither onerous nor, on their face, futile. It is little enough to ask that plaintiff get a definitive no from the hospital before he comes to court for an injunction, treble damages, and the whole panoply of Sherman Act relief.

Finally, plaintiff's anti-trust claims must also be dismissed for failure to state a claim upon which relief can be granted for the same reasons that they were dismissed as frivolous under Fed.R.Civ.P. 12(b)(1) above. Because all of plaintiff's federal claims are dismissed, I decline to exercise pendent jurisdiction over his state claims which are also dismissed.

An order follows.